UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY and
FORD GLOBAL TECHNOLOGIES,
L.L.C.,

        Plaintiffs,

v.

AIRPRO DIAGNOSTICS, L.L.C.,

        Defendant.
_____/

Case No. 2:20-cv-10518
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

**ORDER ADDRESSING PLAINTIFFS' MOTION TO COMPEL (ECF No. 23) and NOTICING HEARING ON PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (ECF No. 36)**

**A.     Background**

Ford Motor Company and Ford Global Technologies, L.L.C. (collectively "Ford") filed this lawsuit against AirPro Diagnostics, L.L.C. on February 27, 2020. (ECF No. 1.)  As Plaintiffs frame the matter:

> Ford files this complaint against AirPro for trademark infringement, false designation of origin, unfair and deceptive trade practices in violation of Michigan statutory and common law, copyright infringement, and breach of contract based upon AirPro's misappropriation of Ford's world-famous FORD OVAL® trademark and violation of Ford's rights in its diagnostic software programs, Integrated Diagnostic System ("IDS") and the Ford J2534 Diagnostic Software ("FJDS").

(ECF No. 1, PageID.2 ¶ 1.)  Defendant has filed answers and affirmative defenses. (ECF Nos. 8, 15.)

### B.  Discovery

Judge Steeh has referred this case to me for pretrial matters, excluding dispositive motions. (ECF No. 24.) By way of background, on December 16, 2020, Defendant served amended answers to Plaintiffs' first set of interrogatories (Nos. 1-11) (ECF No. 23-1), and amended answers to Plaintiffs' first set of requests for production of documents (Nos. 1-71) (ECF No. 23-2). On December 21, 2020, Plaintiffs served a second set of requests for production of documents to Defendant (Nos. 72-90) (ECF No. 23-5) and a second set of interrogatories to Defendants (Nos. 12-25) (ECF No. 23-6). On February 12, 2021, Defendant served objections to Plaintiffs' second set of interrogatories (ECF No. 31-2) and answers to Plaintiffs' second set of requests for production of documents (ECF No. 26-5).

Although the Court's first amended scheduling order set the fact discovery deadline for March 1, 2021 (ECF No. 19), the Court has entered an order holding the fact discovery deadline in abeyance (ECF No. 29).

### C.  Instant Discovery Motion

Currently before the Court is Plaintiff's February 12, 2021 motion to compel, wherein they seek "production of documents and interrogatory responses." (ECF No. 23, PageID.311.) Defendant has filed a response (ECF No. 26),

2

Plaintiffs have filed a reply (ECF No. 31), and the parties have filed a joint statement of resolved and unresolved issues (ECF Nos. 35).[1]

On March 25, 2021, the Court conducted a video hearing, at which Attorneys Jared Cherry and Ziyad I. Hermiz appeared.  (ECF No. 25.)

**D.    Order**

For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Plaintiffs' motion (ECF No. 23) – as narrowed by the post-production reply brief and the parties' joint statement, which delineates six unresolved issues (ECF Nos. 31 & 35) – is **ADDRESSED**, as follows:

1. As to <u>Ford's Second Set of Requests for Production (Nos. 72-84, 89-90)</u> (ECF No. 23-5), Plaintiffs' counsel reported a resolution as to RTPs 79 and 83.  Moreover, the issues regarding RTPs 72-78, 80-82, 84, 89-90 have been resolved either by Defendant's answers (ECF No. 26-5, PageID.472-481) or defense counsel's representation that Defendant is not withholding information based on objections.

2. As to <u>Ford's Second Set of Interrogatories (Nos. 12-25)</u> (ECF No. 23-6), Defendant's February 12, 2021 objections (ECF No. 31-2) appear to have been untimely.  Nonetheless, defense counsel represented that Defendant is not withholding information based on objections.  Moreover, the issue as to

---

[1] On March 12, 2021, the Court entered an order (ECF No. 34), which granted the joint motion to seal (ECF No. 28).  (*See also* ECF No. 32 [Sealed Ex. D to Plaintiffs' motion], ECF No. 33 [Sealed Ex. D to Defendant's response]).

3

    witness identification information sought with respect to Interrogatory No. 14 (*id.*, PageID.514-515), has been resolved by a supplemental answer, signed under oath.  Nevertheless, for further clarification on this issue, Ford may exceed Fed. R. Civ. P. 33(a)(1)'s limit and serve additional, follow-up interrogatories or further explore this issue in deposition.  The issues regarding Interrogatory Nos. 17 and 19 are RESOLVED, as they will be addressed in deposition.  Finally, the issue with respect to Interrogatory No. 25 (ECF No. 31-2, PageID.520) was RESOLVED by the stipulation placed on the record that Defendant will produce records.

3. As to AirPro's alleged "boilerplate" relevance objections to <u>Interrogatory Nos. 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, and 11</u> (ECF No. 23-1), and <u>Requests for Production Nos. 1, 2, 3, 4, 5, 6, 7, 8, 12, 13, 14, 21, 22, 23, 24, 25, 26, 27, 28, and 29</u> (ECF No. 23-2), the issues are resolved by defense counsel's representation that Defendant is not withholding information based on objections.

4. As to <u>Interrogatory Nos. 1-5 and Requests for Production Nos. Request Nos. 4-8, 12-14 and 21- 29</u> and Defendant's related, amended answers (ECF No. 23-2), the motion is RESOLVED by stipulation placed on the record, as the parties have reached an agreement whereby Defendant will produce more complete records, in accordance with Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]")  Defendant may produce such information with whatever designation is warranted by the stipulated protective order (ECF No. 17).

5. As to <u>Interrogatory No. 11</u> and Defendant's amended answer (ECF No. 23-1, PageID.335-336), Plaintiffs' counsel reported that this issue is "resolved for purposes of this hearing."

<u>The Court will enforce the stipulations which were placed on the record</u>.

Plaintiffs waived any request for "reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A).

Plaintiff's March 25, 2021 motion for protective order (ECF No. 36) is hereby noticed for a **May 7, 2021** at **12:00 p.m.** video hearing.  Finally, the deadline for discovery that is *not* effected by Plaintiff's pending motion for protective order (ECF No. 36) is extended to **Monday, May 24, 2021**.  The parties may raise any necessary, further requests for extension of the discovery deadline at the forthcoming motion hearing.

    **IT IS SO ORDERED.**[2]

Dated:  March 26, 2021

                                               Anthony P. Patti
                                               UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).