UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY and
FORD GLOBAL TECHNOLOGIES,
L.L.C.,

        Plaintiffs,

v.

AIRPRO DIAGNOSTICS, L.L.C.,

        Defendant.
_____/

Case No. 2:20-cv-10518
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART and DENYING IN PART PLAINTIFFS' MOTION FOR PROTECTIVE ORDER (ECF No. 36)

### A.   Background

Ford Motor Company and Ford Global Technologies, L.L.C. (collectively "Ford") filed this lawsuit against AirPro Diagnostics, L.L.C. on February 27, 2020. (ECF No. 1.) As Plaintiffs frame the matter:

> Ford files this complaint against AirPro for trademark infringement, false designation of origin, unfair and deceptive trade practices in violation of Michigan statutory and common law, copyright infringement, and breach of contract based upon AirPro's misappropriation of Ford's world-famous FORD OVAL® trademark and violation of Ford's rights in its diagnostic software programs, Integrated Diagnostic System ("IDS") and the Ford J2534 Diagnostic Software ("FJDS").

(ECF No. 1, PageID.2 ¶ 1.) Defendant has filed answers and affirmative defenses. (ECF Nos. 8, 15.)

Judge Steeh has referred this case to me for pretrial matters, excluding dispositive motions. (ECF No. 24.)

### B.     Instant Discovery Motion

In January 2021, Defendant noticed the deposition of the representatives of Ford Motor Company (FMC) and Ford Global Technologies, LLC (FGTL), each of which requests testimony on eighteen topics. (ECF No. 36-1, 36-2.) Currently before the Court is Plaintiff's March 25, 2021 motion for protective order, which concerns: (1) certain topics in the Fed. R. Civ. P 30(b)(6) deposition notices issued to Plaintiffs; and, (2) Defendant's deposition notice that seeks testimony from David Johnson, FMC's Director of Global Service Engineering Operations. (ECF Nos. 36, 36-5.)

Defendant has filed a response (ECF No. 39) and – with the Court's permission (ECF Nos. 40, 41) – a sealed exhibit (ECF No. 43). Plaintiffs have filed a reply (ECF No. 44), and the parties have filed a joint statement of resolved and unresolved issues (ECF Nos. 45). On May 7, 2021, the Court conducted a video hearing, at which Attorneys Jared Cherry and Adam J. Brody appeared.

### C.     Order

For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Plaintiffs' motion (ECF No. 36) –

as narrowed by the parties' joint statement, which delineates six unresolved issues (ECF No. 45) – is **GRANTED IN PART** and **DENIED IN PART**, as follows:

1. As for Topics 1 and 3 of AirPro's 30(b)(6) notices, each of which uses the phrase "including, but not limited to," (ECF No. 45, PageID.712-713), the topics are rephrased, respectively, as follows: **(a)** "OEM requirements with respect to the activity of remote technician diagnostics, calibration and programming procedures;" and, **(b)** "Diagnostic information provided by or made available by Ford to manufacturers of remote diagnostic tools via ETI's TEK-NET Library for inclusion in diagnostic tools manufactured by ETI members or via any entities that provide information similar to ETI's TEK-NET Library."[1]

2. As for Topic 5, which originally had subparts (i)-(iv), Defendant agreed to limit this topic to subparts (iii) and (iv) (ECF No. 45, PageID.713-714). These remaining subparts concern End-User License Agreements, as to which AirPro claims: (a) ambiguity in "direct repair" within Section 1(a) ("Installation and Use.") and "transferable" or "transfer" within Section 9 ("Assignment.") (ECF No. 1-8, PageID.64, 67 [IDS]; ECF No. 1-9, PageID.69, 71 [FJDS]); in conjunction with, (b) the directions for transferring a license (ECF No. 39-1, PageID.627). Upon consideration, the Court grants the protection sought by Plaintiffs as to subpart (iii) but only grants in part the protection requested as to subpart (iv), the scope of which shall be limited to "determinations of compliance or non-compliance by any third parties," including details regarding any "legal actions threatened or initiated" against them "related to the EULA." To be clear, there must have been an actual determination, in-house or outside of Ford, involving some sort of actual analysis of compliance or non-compliance, but only in relation to the EULA (not "or otherwise"). This ruling is without prejudice to Plaintiffs' right to object to production of

---

[1] Regarding the additional "similar to" language, the parties may rephase this in greater conformity to the language to which they stipulated on the record.

       certain materials based on the attorney work product doctrine or the attorney-client privilege, either of which must be specified in an appropriate privilege log, as required by Fed. R. Civ. P. 26(b)(5)(A).

3. The parties have stipulated that <u>Topic 6</u> should be reworded in accordance with the Court's ruling as to Topic 5.

4. As for <u>Topics 9-15, which use the phrase "[a]ll facts upon which Ford relies . . . to support" its claims of relief</u> (ECF No. 45, PageID.715-716), the motion for protective order is **GRANTED WITHOUT PREJUDICE** to Defendants' ability to break it down into considerably more specific topics with reference to specific factual allegations in specified paragraphs from the complaint.

5. As for <u>Topic 16</u> (ECF No. 45, PageID.718-720), which originally had subparts (i)-(v), Defendant has agreed to limit this topic to subparts (i), (ii) and (iv). As to these remaining subparts, the request for a protective order is **GRANTED IN PART** and **DENIED IN PART** as follows:  **(a)** Plaintiffs need to provide a witness to address subpart (i), and the disgorgement damages will be excluded per the concession made on the record by AirPro; and, **(b)** with respect to subparts (ii) and (iv), the request for a protective order is **GRANTED WITHOUT PREJUDICE** to AirPro's ability to designate specific topics based upon specific interrogatory answers.

6. As for <u>the deposition of David Johnson</u> (ECF No. 45, PageID.720-722), the parties placed a stipulation on the record, namely concerning the sequencing of and limitation upon his deposition.

<u>The Court will enforce the stipulations that were placed on the record.</u>

    **IT IS SO ORDERED.**[2]

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a

4

Dated:  May 12, 2021

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

5