UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY and
FORD GLOBAL TECHNOLOGIES,
L.L.C.,                                          Case No. 2:20-cv-10518
       Plaintiffs,                          District Judge George Caram Steeh
                                                 Magistrate Judge Anthony P. Patti
v.

AIRPRO DIAGNOSTICS, L.L.C.,

       Defendant.
_____/

## ORDER ADDRESSING FORD'S MOTION FOR SANCTIONS BASED ON VIOLATION OF ORDER ADDRESSING FORD'S MOTION TO COMPEL (ECF No. 46), DENYING WITHOUT PREJUDICE FORD'S MOTION TO COMPEL (ECF No. 52), and CANCELLING HEARING NOTICED FOR JUNE 25, 2021 (ECF No. 58)

### A.    Background

In February 2021, Ford Motor Company and Ford Global Technologies, L.L.C. (collectively "Ford") filed a motion to compel (ECF No. 23), as to which the Court issued a March 26, 2021 order (ECF No. 38). My order reflected, *inter alia*, that:

(1)    . . . the issue with respect to Interrogatory No. 25 (ECF No. 31-2, PageID.520) was RESOLVED by the stipulation placed on the record that Defendant will produce records.

(2)    As to Interrogatory Nos. 1-5 and Requests for Production Nos. Request Nos. 4-8, 12-14 and 21- 29 and Defendant's related, amended answers (ECF No. 23-2), the motion is RESOLVED by stipulation placed on the record, as the parties have reached

an agreement whereby Defendant will produce more complete records, in accordance with Fed. R. Civ. P. 34(b)(2)(E)(i) ("A party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the request[.]")  . . .

(ECF No. 38, PageID.582-583.)

### B.    Pending Discovery Motions

Judge Steeh has referred this case to me for pretrial matters, excluding dispositive motions.  (ECF No. 24.)  Currently pending before the Court are:

(1)    Ford's May 4, 2021 motion for sanctions based on violation of the Court's March 26, 2021 order (ECF No. 46), regarding which Defendant has filed a response (ECF No. 50), Ford has filed a reply (ECF No. 51), the parties have filed a joint statement of resolved and unresolved issues (ECF Nos. 61), and Defendant has filed a supplemental exhibit at the Court's request (ECF No. 62); and,

(2)    Ford's May 24, 2021 motion to compel (ECF No. 52), regarding which a document has been filed under seal (ECF Nos. 53, 54, 57), Defendant has filed a response (ECF No. 59) and an exhibit (ECF No. 60), and Ford has filed a reply (ECF No. 63).

On June 15, 2021, the Court conducted a video hearing, at which Attorneys Jared Cherry and Adam J. Brody appeared.

### C.    Order

For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Plaintiffs' motion (ECF No. 46) –

as framed by the parties' joint statement, which delineates four unresolved issues

(ECF No. 61) – is **ADDRESSED**, as follows:

**(1)** The number of scans, the revenue for a scan, and Vehicle Identification Numbers (VINs) were among the topics of discussion during the March 25, 2021 hearing.  (ECF No. 42, PageID.646-650, 654.)  Ford's request that the Court require "AirPro . . . to produce its ORION records for <u>each and every scan</u> it has performed[,]" (ECF No. 61, PageID.1005-1007 (emphasis added)), is **GRANTED**.  No later than **Wednesday, June 23, 2021**, Defendant **SHALL** produce: **(a)** request ID, request type, vehicle make, model and vehicle identification numbers, revenue information, technician notes and the date of creation for all *non-Ford vehicle scans*; and, **(b)** technician notes for all *Ford vehicle scans*.

**(2)** As for Ford's request that ". . . AirPro produce its ORION records as they are kept in the usual course of business[,]" (*id*., PageID.1007-1008) and other issues raised in Plaintiff's Second Motion to Compel (ECF No. 52), the parties **SHALL** employ the bullet-pointed procedure in the June 7, 2021 email (*see* ECF No. 59-2, PageID.987) to enable Plaintiff to inspect the ORION system during the week of June 28, 2021.  In advance of this inspection:  (a) Defendant will provide an explanation of the data it tracks and a list of the fields available on the system; and, (b) Plaintiff may submit reasonable queries in order to enable Defendant to demonstrate how the system works, with Defendant reserving the right to object to the nature of those requests.

**(3)** Ford's request for "its costs and fees in connection with this Motion[,]" (*id*., PageID.1008-1009), is **DENIED**, as these would be unjust under the circumstances and neither party has fully prevailed, especially considering the March 24, 2021 email exchange (ECF No. 62, PageID.1014), ambiguity in the March 25, 2021 transcript (ECF No. 42, PageID.646, 649-651) and resulting ambiguity in the Court's March 26, 2021 order (ECF Nos. 38, PageID.582-583).  It is clear that the parties had

legitimate, albeit different, understandings as to what was required, and there is no sanctionable conduct.

**(4)** Ford's request "that AirPro be warned of consequences of further violations of the Court's orders[,]" (*id*., PageID.1009-1010), is **DENIED**.

Finally, based on the conversation that took place during the June 15, 2021 hearing, and based on defense counsel's representation that Defendant is not opposed to amending the scheduling order, Ford's May 24, 2021 motion to compel (ECF No. 52) is **DENIED WITHOUT PREJUDICE**, and the hearing scheduled for June 25, 2021 (ECF No. 58) is **CANCELLED**.

**IT IS SO ORDERED.**[1]

Dated:   June 15, 2021

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

---

[1] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

4