UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FORD MOTOR COMPANY and
FORD GLOBAL TECHNOLOGIES,
L.L.C.,

        Plaintiffs,

v.

AIRPRO DIAGNOSTICS, L.L.C.,

        Defendant.
_____/

Case No. 2:20-cv-10518
District Judge George Caram Steeh
Magistrate Judge Anthony P. Patti

## ORDER DEEMING RESOLVED IN PART BUT OTHERWISE GRANTING DEFENDANT'S MOTION FOR PROTECTIVE ORDER (ECF No. 86)

### A. Background

Judge Steeh has referred this case to me for pretrial matters, excluding dispositive motions. (ECF No. 24.) As a result, I have entered no fewer than three discovery-related orders in this case, a brief review of which is pertinent to the issue at bar. On March 26, 2021, I entered an order, which stated, in part, that "the deadline for discovery that is *not* effected by Plaintiff's pending motion for protective order (ECF No. 36) is extended to **Monday, May 24, 2021**." (ECF No. 38, PageID.584 (emphases in original); *see also* ECF No. 42, PageID.646-647 [Hrg. Trans.].) On May 12, 2021, I entered an order granting in part and denying in part Plaintiffs' motion for protective order (ECF No. 36). (ECF No. 48; *see also* ECF No. 49 [Hrg. Trans.].)[1]

---

[1] From May 12, 2021 to May 17, 2021, counsel for the parties exchanged related

On May 24, 2021, the day of the discovery deadline, Ford filed a second motion to compel and to hold fact discovery deadline in abeyance for Ford pending resolution of its motion, wherein Ford requested multiple forms of relief. (ECF No. 52, PageID.861.) Thereafter, on June 16, 2021, I entered an order addressing Ford's motion for sanctions (ECF No. 46) and denied the motion to compel (ECF No. 52) without prejudice, in part, because "defense counsel represented that Defendant was not opposed to amending the scheduling order[.]" (ECF No. 64, PageID.1032; *see also* ECF No. 81 [Hrg. Trans.].) This motion was never renewed.

In July 2021, the parties filed a joint motion seeking referral to me for a settlement conference. (ECF No. 66.) Judge Steeh granted the motion, and, exactly as requested, ordered that "the remaining deadlines in this matter are adjourned[.]" (ECF No. 67, PageID.1046; ECF No. 66, PageID.1042.) At that point, the only actual remaining deadlines were for expert discovery, dispositive motions, and motions *in limine*, as the May 24, 2021 fact discovery deadline had already passed. (ECF No. 19; ECF No. 38, PageID.584; Minute Entry 3/26/21.) I conducted a settlement conference on January 5, 2022, and it was continued

---

emails regarding the scheduling of depositions. (ECF No. 87-8, PageID.2771.)

2

without date. (ECF No. 67, 70.) At the February 23, 2022 status conference, the Court declared in impasse. (ECF No. 79.)

### B. Pending Dispositive Motions

In addition to my prior experience with this case, the Court's ruling below is informed by the fact that cross-motions for summary judgment are pending at this time. Ford filed its motion for partial summary judgment on August 18, 2021 (ECF No. 69, 73), AirPro has filed a response (ECF No. 75, 77), and Ford has filed a reply (ECF No. 78). Thus, briefing is closed. However, AirPro filed its own motion for summary judgment on March 4, 2022 (ECF No. 83, 84, 85), and Judge Steeh has extended the time for Ford to respond (ECF No. 93). In other words, briefing on the latter motion remains open. After extensive questioning demonstrating that further discovery is not necessary to respond to AirPro's pending motion for summary judgment, Ford stated unequivocally in open court that it will not be filing a motion under Fed. R. Civ. P. 56(d).

### C. Instant Motion

On March 2, 2022, Plaintiffs served: (1) a first set of requests for admissions (ECF No. 86-5 [Nos. 1-9]); and, (2) a fourth set of (ten more) requests for production of documents (ECF No. 86-6 [Nos. 95-105]), in addition to its 94 prior requests. Ford had also indicated a desire to subpoena two additional non-party witnesses for deposition. (ECF No. 87, PageID.2241.)

In the present motion, AirPro argues that the Court should enter a protective order precluding Ford from engaging in additional fact discovery," because "the deadline for completion of such discovery was May 24, 2021," and "the parties never agreed to conduct any other discovery after that date," with the exception of "the depositions that had already been discussed between the parties[.]"  (ECF No. 86, PageID.2137.)  The Court's extensive analysis of the emails between the parties and the colloquy of counsel with the Court in a prior hearing bear this out.  (*See* ECF Nos. 86-1, 86-2; ECF No. 87-8, PageID.2267-2271; ECF No. 81, PageID.1847-1849.)   In fact, the Court made it quite clear, back in June of last year, that the goal was "wrapping up your discovery[,] rather than blowing up your discovery[,]" to "get the deps that are still out there[,] rather than just having a free for all . . . for a few more months[,]" and that the "goal is to try to bring closure to this thing[,]" which Ford's counsel affirmed was "clear."  (ECF No. 81, PageID.1848.)

Ford has filed a response (ECF No. 87), AirPro has filed a reply (ECF No. 95), and, on the eve of the hearing, the parties filed a joint statement of resolved and unresolved issues (ECF No. 97).  On April 14, 2022, the Court conducted an in-person hearing, at which Attorneys Jared L. Cherry and Roger P. Meyers appeared for Ford, and Ziyad I. Hermiz appeared for AirPro.  (ECF No. 88.)  The Court entertained oral argument regarding the motion and issued its ruling from the

4

bench, pointing to and having taken into account, *inter alia*, its familiarity with this case, Fed. R. Civ. P. 1 (the Fed. Rules Civ. P. "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding . . . ."), and Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]").

D.  Order

For the reasons stated by the Court on the record, <u>all of which are incorporated by reference as if restated herein</u>, Defendants' motion (ECF No. 86) – as framed by the parties' joint statement (ECF No. 97) – is **DEEMED RESOLVED IN PART** but otherwise **GRANTED,** as follows:

- As to Request for Production No. 104, "AirPro agrees to produce all documents used by Mr. Koegler to determine the numbers used by AirPro to calculate its 'Profit and Loss' related to use of Ford's software as set forth in APD0002935[,]" (ECF No. 97, PageID.2337), and **SHALL** do so no later than **May 5, 2022**. The Court observes that this relief would appear to be further justified by Koegler's testimony. (ECF No. 87-9.)

- To the extent the motion asks the Court to "enter a protective order precluding Ford from engaging in any additional fact discovery in any form, including written discovery, depositions or subpoenas[,]" (ECF No. 97, PageID.2337-2340), the motion is **GRANTED**. Among other reasons given on the record, the Court notes that the parties each took eleven fact witness depositions, which already exceeds the ten deposition limit contained in their discovery plan (ECF No. 13,

    PageID.157) and the maximum number permitted without leave under Fed. R. Civ. P. 33(a)(2)(A)(i).  Leave to take more is **DENIED**, in light of the current posture and proportional needs of this case.

- To the extent the motion asks the Court to "enter a protective order precluding Ford from engaging in additional fact written discovery including, but not limited to, Ford's First Set of Requests for Admission and Fourth Set of Document Requests dated March 2, 2022[,]" (ECF No. 97, PageID.2340-2343), the motion is **GRANTED**.

- To the extent the motion asks the Court to "enter a protective order precluding Ford from taking the third-party depositions of (1) Brian Herron of Opus and (2) a representative of Enterprise-Rent-A-Car[,]" (ECF No. 97, PageID.2344-2346), or for that matter, any other fact witness, the motion is **GRANTED**.

**Lest there be any doubt, other than the aforementioned agreement to respond to Request for Production No. 104, discovery is closed.**  Finally, the Court does not award "reasonable expenses" as contemplated by Fed. R. Civ. P. 37, because the motion was not fully granted and, in any case, the movant did not request such an award.

    IT IS SO ORDERED.[2]

Dated:  April 15, 2022

                                        Anthony P. Patti
                                        UNITED STATES MAGISTRATE JUDGE

---

[2] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a period of fourteen (14) days after being served with a copy of this order within which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).